# COUNTY OF CHITTENDEN,

###### AT THE

## JANUARY TERM, 1876.

###### PRESENT:

Hon. HOYT H. WHEELER,
Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
Hon. H. HENRY POWERS,

---

## BENNETT v. STACY.

### *Evidence.*

In assumpsit for wages as hotel porter, plaintiff claimed that he was to have $25 per month, and that the perquisites of the place were not considered in fixing that price, and that his wife and child were to room and board at the hotel for a sum per month equal to one-third of $25. Defendant claimed that the perquisites were considered in fixing the price, and that plaintiff was to pay a *reasonable* price for the room and board of his wife and child. *Held*, that defendant might show what sums plaintiff received as porter from the guests of the house, as bearing upon the question of whether he was to pay such reasonable price.

ASSUMPSIT for work and labor. Pleas, the general issue and offset. Trial by jury, September Term, 1875, PIERPOINT, Ch. J., presiding.

The suit was originally commenced against Crane & Stacy, but Crane having become a bankrupt, it proceeded against Stacy alone. Crane & Stacy were proprietors of the American Hotel in Burlington, and plaintiff's evidence tended to show that on May 15, 1872, he made a contract with Crane to work for $25 per month as porter in said hotel, and that nothing was said at any time about the perquisites of the place; that plaintiff informed Crane that he had a wife and child; that Crane wished plaintiff to live at the hotel, and that it was finally agreed that plaintiff was to pay for his wife's and child's board and room at the hotel, a sum equal to one-third of plaintiff's wages, and that a few days after, plaintiff entered upon his duties as porter; that his wife and child came to the hotel and continued to live there until the dissolution of the partnership of Crane & Stacy on the 27th of November, 1873; that guests of the hotel who had baggage, were expected to and generally did pay plaintiff a small sum for the transportation and care of their baggage.

Defendant's evidence tended to show, that Crane hired plaintiff as porter at $25 per month, and the fact that porters were accustomed to receive considerable sums of money from the guests of the hotel, was talked about by plaintiff and Crane, and constituted an element in the contract in fixing the price of plaintiff's wages per month; that if plaintiff's wife and child roomed and boarded at the hotel, plaintiff was to pay a reasonable sum therefor; and that plaintiff had been fully paid for his services as porter, by boarding his wife and child, and that nothing was due him.

Plaintiff's evidence tended to show that no conversation was had with Crane in relation to the fees or perquisites of the place, and that the fees and perquisites formed no part of the consideration of the price he was to be paid per month, and that plaintiff's wife and child were to be boarded at the hotel at a price not exceeding one-third of $25 per month; that he received certain sums of money at different times in addition to his wages, but that a considerable part of such money arose from the sale of passenger tickets he had bought on speculation, and not from perquisites received from the guests of the hotel.

Defendant inquired of plaintiff as a witness, how much he re-

ceived from the guests of the hotel for the care and attention shown them, and for the care and transportation of their baggage, for the purpose of ascertaining the amount received by plaintiff from fees received from guests of the hotel, and in addition to the $25 per month. ·Plaintiff objected to such inquiries, and the court held them immaterial and inadmissible; to which the defendant excepted.

*H. H. Talcott ( Wales & Taft* with him), for the defendant.

*R. H. Start,* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit to recover the plaintiff's wages as porter at the American House, Burlington. The plaintiff was hired by Crane, who went out of the case by bankruptcy and the case then proceeds against Stacy alone. The plaintiff claims that by the contract he was to receive $25 per month, and have a room and board for his wife and child for "a sum equal to one-third of his wages," and that nothing was said about the fees and perquisites of his position. It was proved that a considerable sum, from time to time, was paid to him by the guests and patrons of the hotel, for his services as porter. The defendant claimed that the perquisites were named and considered, and were a material element in the contract, and that plaintiff agreed to pay a reasonble compensation for the room and board of his wife and child. The plaintiff's statement, that for the room and board of his family he should pay "a sum equal to one-third of his wages," would imply that his wages were not a *fixed* sum, but dependent upon contingency, for one third of $25 is surely named.

A room and board for two persons at such a hotel, would seem inadequate, at a rate less than $2 per week. And if the perquisites of the plaintiff's place were a considerable sum, so that the income of the plaintiff's services in that position, would avail him $40 or $50 per month, it would support the defendant's theory, and be more consistent with prices and justice. For one-third of

$50 per month for the room and board of plaintiff's wife and child, would not probably be deemed unreasonable compensation.

Besides, on the inquiry whether it be probable and reasonable that defendant agreed to furnish a room and board the plaintiff's wife and child for $1.95 per week, or for a reasonable compensation, as the defendant claims, we think the jury have a right to know what were the *whole* wages and income that the plaintiff recieved for services in that position. If his wages were stinted and small, it would be more probable that he would require and stipulate for limited expenses. While, on the other hand, if the whole income for his services was full and liberal, it would be natural and probable that he would consent to pay for the room and board furnished his wife and child by defendant, a "reasonable compensation," such as would be expected by other men under like circumstances. We think the exclusion of this testimony was error.

Judgment reversed, and cause remanded.